UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-751 CAS |
| | ) | |
| FANGIO ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file following removal. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiff initially filed suit in the Circuit Court of St. Louis County, State of Missouri. Plaintiff's Petition alleges that her home and the contents thereof were destroyed by a fire and smoke damage caused by the alleged negligent design, manufacture, and sale of a table lamp. Defendant Tuesday Morning, Inc. removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446 and defendant Fangio Enterprises, Inc. filed a Notice of Consent to Removal.

**Legal Standard**

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal courts are to strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969).

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); Sanders v. Clemco Industries, 823 F.2d 214, 215 n.1, 216 (8th Cir. 1987). Further, "[I]t is not enough for the parties to be diverse only at the *time of removal*. Nearly two centuries of precedent establish diversity of citizenship must also exist at the *time of commencement*." Reece v. Bank of New York Mellon, 760 F.3d 771, 777 (8th Cir. 2014).

**Discussion**

    A.  <u>Amount in Controversy</u>

With respect to the amount in controversy, the prayer in plaintiff's Petition is for "an amount that is fair and reasonable and sufficient to compensate Plaintiff for damages sustained to her house and the loss of her personal property and contents in her house and is in excess of Twenty-five Thousand Dollars." Pet. at 4 (Doc. 3). This in accordance with Missouri pleading requirements prohibiting a plaintiff claiming tort damages from pleading a monetary amount of damages, except to determine the proper jurisdictional authority. <u>See</u> Mo. R. Civ. P. 55.05; Mo. Rev. Stat. § 517.011.1(1) (2010).

To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); <u>Bell v. Hershey Co.</u>, 557 F.3d 953, 956 (8th Cir. 2009). "The preponderance of the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount." <u>City of University City, Mo. v. AT & T Wireless Servs., Inc.</u>, 229 F.Supp.2d 927, 932 (E.D. Mo. 2002) (internal quotation marks and quoted case omitted). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. <u>Hill v. Ford Motor Co.</u>, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). "This evidence may include a plaintiff's conduct and representations, including settlement offers by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious an disabling injuries suffered by the plaintiff." <u>Neighbors v. Muha</u>, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005). However,

failure to stipulate to remand does not, of itself, establish the requisite amount in controversy. Gramc v. Millar Elevator Co./Schindler Enters., 3 F.Supp.2d 1082, 1084 (E.D. Mo. 1998).

In the Notice of Removal, defendant states that prior to filing suit, plaintiff estimated her damages to exceed $100,000. Exhibits to the Notice of Removal show that defendant asked plaintiff to stipulate that her damages did not exceed $75,000 to avoid removal, but plaintiff's counsel responded that he and his client believe the amount in controversy exceeds the jurisdictional minimum for removal.

This Court has held that a settlement demand alone is not sufficient evidence to establish the existence of the jurisdictional minimum. Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997). "[A] settlement letter is only one factor to consider in assessing the amount in controversy and . . . courts must consider the context in which such a settlement demand was made." New v. Hunter's View, Ltd., 2007 WL 1040926, at *3 (E.D. Mo. Apr. 4, 2007) (quotation marks and quoted case omitted). Caution is appropriate in considering settlement demands as evidence of the value of a case, as "settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages." Id. (quotation marks and quoted case omitted).

Here, plaintiff's Petition alleges that her house and its contents were destroyed by fire as a result of a defective lamp designed, manufactured, and sold by defendants, plaintiff made a $100,000 settlement demand, and plaintiff's counsel affirmatively stated in response to a request to stipulate that plaintiff's damages are less than $75,000 that he believes the amount in controversy exceeds the jurisdictional minimum. There is no evidence in the record as to the value of plaintiff's house or its contents, which are the only damages at issue. These circumstances present a fairly close

4

question as to the sufficiency of the evidence presented. Upon consideration, the Court finds defendant has met its burden to establish by a preponderance of the evidence that an amount in excess of $75,000 is actually in controversy.

    B. <u>Diversity of Citizenship</u>

Plaintiff's Petition and the Notice of Removal each allege that plaintiff is a "resident" of Missouri. It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, <u>Sanders</u>, 823 F.2d at 216, and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). <u>Reece</u>, 760 F.3d at 777-78. "In both common parlance and legal usage, 'resident' and 'citizen' have overlapping but distinct meanings. <u>See</u>, <u>e.g.</u>, <u>Black's Law Dictionary</u> 1502 (10th ed. 2014) (explaining 'a resident is not necessarily either a citizen or a domiciliary'); <u>New Oxford American Dictionary</u> 1485 (3d ed. 2010) (defining 'resident' as 'a person who lives somewhere permanently *or on a long-term basis*' (emphasis added))." <u>Reece</u>, 760 F.3d at 778 (notice of removal was defective where it failed to specify plaintiff's citizenship when the suit was commenced; allegation that plaintiff was an Arkansas "resident" was inadequate).

With respect to the defendants' citizenship, the Petition alleges that defendant Tuesday Morning, Inc. is a foreign corporation doing business in St. Louis County, Missouri, and has no allegations as to defendant Fangio Enterprises, Inc.'s citizenship. The Notice of Removal alleges that Tuesday Morning, Inc. is a Texas corporation and Fangio Enterprises, Inc. is a Pennsylvania corporation. The Notice of Removal does not include any factual allegations concerning the defendants' principal places of business.

The allegations of plaintiff's Petition and the Notice of Removal therefore do not contain sufficient allegations regarding the state of plaintiff's citizenship or the states of defendants'

5

citizenship, both at the time of filing and the time of removal, to establish that complete diversity of citizenship exists in this matter.

**Conclusion**

Based on the foregoing, the Court cannot determine whether it has subject matter jurisdiction over this action. The Court will grant defendant Tuesday Morning, Inc. seven (7) days to file an amended Notice of Removal to adequately allege the requisite diversity of citizenship of the parties. See 28 U.S.C. § 1653. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **May 29, 2018**, defendant Tuesday Morning, Inc. shall file an amended Notice of Removal alleging facts sufficient to establish: (1) plaintiff's citizenship both at the time of filing and the time of removal, and (2) defendants' states of incorporation and principal place of business both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of May, 2018.