UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA BAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-751 CAS |
| FANGIO ENTERPRISES, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Tuesday Morning, Inc.'s ("Tuesday Morning") motion to dismiss plaintiff's negligent failure to warn and breach of express warranty claims. Plaintiff Debra Baker did not respond to the motion, and the time to do so has expired. For the following reasons, the motion to dismiss, construed as a motion for judgment on the pleadings, will be granted.

**I. Background**

Plaintiff's complaint in this matter is titled Petition for Damages Due to Negligent Design and Sale of Product. The case was filed in the Circuit Court of St. Louis County, Missouri and removed to this Court by Tuesday Morning pursuant to 28 U.S.C. §§ 1332 and 1441.

Plaintiff alleges that she purchased a defective metal table lamp at Tuesday Morning's retail store located on Manchester Road in St. Louis County on July 15, 2016. Plaintiff alleges that the lamp was designed and manufactured by defendant Fangio Enterprises, Inc. ("Fangio"). Plaintiff alleges that on October 13, 2015, the lamp caused a fire, damaging her house and personal property.[1] Plaintiff further alleges that the lamp was unreasonably dangerous in normal and ordinary use, and

---

[1]The Court notes that plaintiff's Petition alleges the fire at her home occurred nine months prior to her purchase of the lamp.

was unfit for its intended use as it was defectively manufactured and assembled in such a way as to cause the electrical system to malfunction and cause a fire.

As to Tuesday Morning specifically, plaintiff alleges:

> 9. At all times mentioned herein, Defendant Tuesday Morning, Inc., breached its duties to Plaintiff in the following respects:
>
>> a. Defendant Tuesday Morning, Inc. sold to Plaintiff the Lamp, which was defective in its design and manufacture, with improper directions for use, and in its failure to warn as to its dangerous proclivities, thereby rendering the product inherently and unreasonably dangerous to those individuals, particularly Plaintiff, who might utilize it in the normal expected fashion as it was utilized by Plaintiff, and particularly by creating an extremely extra-hazardous and unreasonably dangerous condition.
>>
>> b. Defendant Tuesday Morning, Inc. expressly and impliedly warranted and represented that the Lamp, which it placed into the stream of commerce in the State of Missouri and which it represented to be fit and proper for the uses and purposes intended for the Lamp, including use in Plaintiff's house, was extremely safe and did not constitute a dangerous and hazardous condition to individuals using it, including Plaintiff.
>
> 7. [sic] Defendant Tuesday Morning, Inc., breached the express and implied warranties, including a warranty of fitness for use, thereby resulting in serious damage to Plaintiff's house and the contents therein.

Pet. ¶¶ 9-10. Plaintiff provides no additional facts regarding Tuesday Morning's alleged negligent failure to warn or breach of express warranty.

On May 22, 2018, Tuesday Morning filed both an answer and a motion to dismiss. In its motion to dismiss, Tuesday Morning states that plaintiff's complaint is devoid of specific counts and, as a result, Tuesday Morning "attempted to interpret the language used in the Complaint and concluded that Plaintiff purports to allege several claims against Tuesday Morning, including negligent failure to warn and breach of express warranty." (Doc. 14 at 1-2). As previously stated, plaintiff did not respond to the motion to dismiss.

After reviewing the file, the Court was also uncertain as to whether plaintiff was, in fact, asserting claims against Tuesday Morning for negligent failure to warn and breach of express

2

warranty. The Court issued an Order on June 25, 2018 directing plaintiff to "file a Response to Court stating (1) whether her complaint asserts claims against defendant Tuesday Morning, Inc. for negligent failure to warn and breach of express warranty, and (2) if so, does she concede the motion should be granted." (Doc. 22 at 2).

On June 27, 2018, plaintiff filed a Response confirming that she does assert negligent failure to warn and breach of express warranty claims against Tuesday Morning, the motion to dismiss is not conceded, and "should the court find it necessary . . . requests leave to file an amended complaint[.]" (Doc. 25). The plaintiff did not attach a proposed amended complaint to the Response and did not subsequently file a motion for leave to file an amended complaint.

## II. Legal Standard

Tuesday Morning filed the instant motion to dismiss plaintiff's negligent failure to warn and breach of express warranty claims under Rule 12(b)(6), Federal Rules of Civil Procedure, but it previously filed an answer (Doc. 13) to the Petition. A Rule 12(b)(6) motion technically cannot be filed after an answer has been submitted, see Rule 12(b); NanoMech, Inc. v. Suresh, 777 F.3d 1020, 1023 (8th Cir. 2015). Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c). The Court will therefore construe Tuesday Morning's motion to dismiss as a motion for judgment on the pleadings under Rule 12(c).

A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual

3

information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678.

In reviewing the instant motion, the Court will review the claims and factual allegations in plaintiff's Petition as filed. It is the plaintiff's responsibility to request leave from the Court to file an amended complaint. It is not the Court's job to advise a plaintiff whether amendment is appropriate. See Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913-14 (8th Cir. 2002) (no abuse of discretion in denying leave to amend where the plaintiff, in its response brief to the motion to dismiss, sought to amend the claim but did not file a motion for leave to amend or submit a proposed amended complaint).

### III. Discussion

#### A. Negligent Failure to Warn

To state a claim of negligent failure to warn under Missouri law, a plaintiff must plead sufficient facts showing that the seller: "(1) *knows or has reason to know* that the product is or is likely to be dangerous for its intended use; (2) has no reason to believe the buyer will realize its dangerous condition; and (3) fails to exercise reasonable care to inform them of its dangerous condition." Platt v. PPG Industries, Inc., 2010 WL 3733578, at *4 (E.D. Mo. Sept. 20, 2010)

(emphasis added) (citing Sapp v. Morrison Bros. Co., 295 S.W.3d 470, 484 (Mo. Ct. App. 2009); Spuhl v. Shiley, Inc., 795 S.W.2d 573, 577-78 (Mo. Ct. App. 1990)).

In moving for dismissal, Tuesday Morning states that plaintiff fails to allege facts to indicate that Tuesday Morning knew or had reason to know that the lamp was or was likely to be dangerous or that Tuesday Morning should have known about the lamp's dangerous condition. The Court agrees with Tuesday Morning's position and finds that plaintiff's Petition is devoid of necessary factual content to flesh out her recitation of the elements of the cause of action, such as how Tuesday Morning knew or should have known that the lamp it sold to plaintiff was defective, or that Tuesday Morning ignored warnings or reports that the model of lamp it was selling was defective.

The Petition's factual allegations are too threadbare and conclusory to allow the Court to draw the reasonable inference that Tuesday Morning's actions constituted a negligent failure to warn. A formulaic recitation of the elements of a claim is insufficient to survive Rule 12(b)(6) dismissal, so this aspect of Tuesday Morning's motion will be granted.

B. Breach of Express Warranty

To state a claim of breach of express warranty under Missouri law, a plaintiff must plead sufficient facts showing that: (1) "there was a sale of goods; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement of fact was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion." Mouser v. Caterpillar, Inc., 2000 WL 35552637, at *18 (E.D. Mo. Oct. 6, 2000) (quoting Stefl v. Medtronic, Inc., 916 S.W.2d 879, 882-83 (Mo. Ct. App. 1996)). "An express warranty by a seller is created by any affirmation of fact or promise made by the seller to the buyer, which relates to the goods and becomes part of the basis of the bargain, that the goods shall conform to the affirmation or promise." Id. (citing Mo. Rev. Stat. § 400.2-313 (1994)).

5

Plaintiff's Petition fails to allege facts necessary to support her breach of express warranty claim against Tuesday Morning, as she does not identify any statements, affirmations of fact, or promises made by it to plaintiff with respect to the lamp, or that any such statements induced plaintiff to purchase the lamp. Plaintiff's conclusory statements and "naked assertion[s] devoid of further factual enhancement" are insufficient to state a claim for relief that is plausible on its face, as they are little more than a recitation of the elements of a breach of express warranty claim. See Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted). A formulaic recitation of the elements of a claim is insufficient to survive Rule 12(b)(6) dismissal, so this aspect of Tuesday Morning's motion will be granted.

## IV. Conclusion

For the foregoing reasons, defendant Tuesday Morning's motion to dismiss plaintiff's negligent failure to warn and breach of express warranty claims under Rule 12(b)(6), construed as a motion for judgment on the pleadings under Rule 12(c), will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Tuesday Morning, Inc.'s motion to dismiss, construed as a motion for judgment on the pleadings, is **GRANTED**. [Doc. 14]

An appropriate partial judgment will accompany this Memorandum and Order.

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this __10th__ day of July, 2018.